SANTOS, PLAINTIFF AND APPELLEE, *v.* LÓPEZ ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action of Pre-emption.

No. 1776.—Decided June 20, 1918.

PRE-EMPTION—PLEADING—CONTRACT—PURCHASE AND SALE.—After considering the allegations of the complaint in this action it was held that the contract referred to therein is a contract of purchase and sale, for it contains all of

the elements required by section 1348 of the Civil Code. In an action of pre-emption it is immaterial that the plaintiff failed to allege in the complaint that he was willing to be subrogated to the purchaser under the same conditions of the contract, for he alleged that he availed himself of his right of pre-emption which itself consists of such subrogation; therefore the allegations of the complaint show a cause of action.

ID.—INVALID ACTS—ESTOPPEL—EVIDENCE.—The question of the invalidity of the acts of a court cannot be considered when the person raising the question is estopped from doing so. If a party acquires real rights which are alleged to be subject to pre-emption and admits that his grantor acquired them by virtue of the same acts which he considers invalid, he cannot attack such acts, because he is estopped from repudiating his own acts, and the evidence introduced by the plaintiff to prove the coöwnership on which the right of pre-emption is based is not open to attack.

The facts are stated in the opinion.

*Mr. C. B. Buitrago* for the appellants.

*Mr. Francisco González* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 22, 1915, Ramona Santos Torrens filed a complaint against Justiniano López Soto and Antonio Ramírez in the District Court of Humacao in an action of pre-emption, alleging the following as material grounds for her cause of action:

1. That in common with Juan Enrique Nicolás, Amalia, José Enrique, Cruz and Juan Alvarez Santos she is the owner of three rural properties, which are described in the complaint under letters A, B and C, the first containing nine acres, the second thirteen acres and the third twenty-two acres of land, the three properties being situated in the ward of Rincón of Gurabo.

2. That by a public deed executed in Caguas on April 14, 1915, José Enrique Alvarez Santos, one of the common owners, granted to Justiniano López Soto two-fifteenths of property A, two-fifteenths of property B and one-fifth of property C for $700.

3. That by another deed executed in Caguas on the same date, April 14, 1915, Justiniano López Soto conveyed to the other defendant, Antonio Ramírez González, the same rights

and interests which he had acquired from José Enrique Alvarez Santos in the said properties.

4. That in the exercise of her right of pre-emption the plaintiff tendered to the defendants the sum of $700, the amount of the consideration for the sale and conveyance, which they refused to accept, she being disposed to reimburse them not only for the purchase price, but also for the cost of the contract and any other lawful expenses incurred in connection with the sale.

5. That on the day of the date of the complaint the plaintiff deposited in the District Court of Humacao the purchase price of $700 with an additional sum of ten dollars which she estimated to be the maximum lawful expenses incurred in connection with the deed of purchase and sale.

6. That the plaintiff binds herself not to sell the property which is the subject-matter of this action for a period of four years.

The complaint concludes with a prayer for judgment sustaining the right of pre-emption and adjudging that the defendants execute in favor of the plaintiff the corresponding deed to the shares in the properties involved, the amount deposited to be at their disposal, and that in case of their failure to do so within the time to be fixed by the court the marshal be ordered to execute such deed, with the costs, disbursements and attorney fees upon the defendants.

Defendants Justiniano López Soto and Antonio Ramírez González demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and the court having overruled the demurrer on January 24, 1916, they answered the complaint, denying allegations 1, 4 and 5 thereof, as to the last for lack of information, and admitting Nos. 2 and 3, alleging further that the sale was made by Justiniano López Soto to his co-defendant, Antonio Ramírez González, for the sum of $1,000.

As new matter of defense the defendants alleged that the plaintiff had only a right of usufruct in the properties de-

scribed in the complaint; that the said properties were inherited by Juan Enrique Nicolás, Amalia, José Enrique, Cruz and Juan Alvarez Santos from their father, Juan Alvarez Segarra, who also had inherited them, and that prior to the date of the sale to defendant Justiniano López Soto the plaintiff was notified by him of the transaction agreed to by her son, José Enrique Alvarez Santos, and assented thereto, waiving all her rights.

At the trial and after the plaintiff had rested the attorney for the defendants moved for a nonsuit on the ground that the plaintiff had not proved the first allegation of her complaint. The motion was overruled and no evidence having been introduced by the defendants, the court rendered judgment for the plaintiff on July 17, 1917, adjudging that the defendants execute within five days a deed conveying to the plaintiff the interests in the properties described in the complaint; that the $700 deposited should be at the disposal of the defendants, and that in case the defendants should fail to execute said deed within the time fixed, the marshal of the court should do so, with the costs upon the defendants.

The attorney for the defendants appealed from the said judgment to this court and assigned the following grounds:

1. That the lower court erred in overruling the demurrer of the defendants that the complaint did not state facts sufficient to constitute a cause of action.

2. That the lower court erred in admitting in evidence the certificates issued by the clerk of the District Court of Guayama and by the Registrar of Property of Caguas.

3. That the lower court erred in overruling the motion for nonsuit made by the defendants.

The appellants allege in support of the first assignment of error that it does not appear from the complaint that a contract of purchase and sale was entered into upon which to found the right of pre-emption defined in section 1424 of the Civil Code, or that the plaintiff was disposed to be sub-

rogated to the place of the grantee under the same conditions stipulated in the contract.

Section 1424 of the Civil Code reads as follows:

"Legal redemption is the right to be subrogated, with the same conditions stipulated in the contract, in the place of the person who acquires a thing by purchase or in payment of a debt."

Considering the allegations of the complaint in the light of the statute cited, the conclusion is easily reached that the contract by which José Enrique Alvarez Santos, one of the owners in common, in consideration of the sum of $700, conveyed to Justiniano López Soto the ownership of the interests referred to in the properties described in the complaint, is a contract of purchase and sale, for it contains all the necessary elements required by section 1348 of the said code. The grant of a thing or a right to another person for a fixed amount is a contract of purchase and sale. And when co-defendant Antonio Ramírez González acquired from Justiniano López Soto the same rights of ownership in real property which the latter had acquired from José Enrique Alvarez Santos, his acquisition was affected by the same resolutory condition to which the right of his grantor was subject.

It is immaterial that the plaintiff failed to allege in the complaint that she was disposed to be subrogated to the place of the purchaser under the same conditions stipulated in the contract, for the plaintiff alleged that she exercised her right of pre-emption and this right consists of exactly such subrogation. Furthermore, she tendered and deposited in the district court the purchase price of $700 plus ten dollars as the estimated cost of the contract of purchase and sale, all for the purpose of being subrogated by the execution of the proper deed conveying to her the real interests acquired by Justiniano López Soto from José Enrique Alvarez Santos, one of the common owners.

The allegations of the complaint set up the right of pre-

emption as defined by the very statute invoked by the appellants.

The certificates issued by the clerk of the District Court of Guayama and introduced in evidence by the plaintiff are three in number. One of them certifies to the decision of the District Court of Guayama of January 16, 1908, declaring Ramona Santos Torrens and her children, Juan Enrique Nicolás, Amalia, José Enrique, Cruz and Juan Alvarez Santos, to be the sole and universal heirs of Juan Alvarez Segarra, who died in Caguas. Another certifies to the order of the District Court of Guayama of May 5, 1908, approving the proceeding brought by Ramona Santos Torrens in her own name and as representative of her said minor children to establish the ownership of a property of thirteen acres of land, which is the same property described under letter B in the complaint, and of another property of nine acres which is not the property of the same area described in the complaint under letter A, both properties being situated in the ward of Rincón of Gurabo, the said order directing that one-third of both properties be recorded in the Registry of Property of Caguas in the name of the widow and two-thirds in the name of her minor children. The third certificate certifies to a decision of the District Court of Guayama of June 10, 1908, granting a petition by Ramona Santos Torrens to be allowed to exchange the second property referred to in the dominion title proceeding for another belonging to Quiteria López Rodríguez, both situated in the ward of Rincón, municipal district of Gurabo, the property of Quiteria López Rodríguez being the same property of nine acres which is described in the complaint.

The certificate of the Registrar of Property of Caguas refers to entries and records made under the said orders of the District Court of Guayama in the registry under his charge in connection with the properties here involved.

The appellants allege that the decisions of the District Court of Guayama should be considered null and void be-

cause the said court had no jurisdiction; that also the records and entries made by the Registrar of Property of Caguas in consequence of said decisions should be held to be void, and that therefore the said certificates could not be admitted as evidence of the ownership alleged by the plaintiff in the first count of her complaint.

We will not discuss the question of the invalidity of the acts of the District Court of Guayama and of the Registrar of Property of Caguas to which the attorney for the appellants refers, for the defendants are estopped from raising that question. They acquired from José Enrique Alvarez the realty interests to which the plaintiff sets up the right of pre-emption, and if they admitted that Alvarez Santos was the owner of those interests purely by virtue of the acts which they characterize as invalid, and purchased the said interests, it is obvious that they cannot assail those very acts from which their grantor, José Enrique Alvarez, and consequently they themselves, derived their rights. They are estopped from repudiating their own acts.

As the evidence introduced by the plaintiff to establish the common ownership on which she bases her right of preemption is not open to attack, the overruling of the motion for a nonsuit should be sustained. But this is not even the whole case. In pleading the new matter of defense the defendants admitted that the plaintiff possessed a right of usufruct in the properties described in the complaint and that the said properties were inherited by Juan Enrique Nicolás, Amalia, José Enrique, Cruz and Juan Alvarez from their father, Juan Alvarez Segarra, it following therefore that the plaintiff, in common with her said children, was the owner, although the common interests were of a distinct character.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.